## Henry Huss, Appellant, v. J. W. Ford, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Fayette county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 1, 1915.

### Statement of the Case.

Action by Henry Huss, plaintiff, against J. W. Ford, defendant, on a promissory note. From a judgment for defendant, plaintiff appeals.

The plaintiff's assignor was authorized by the defendant to select suitable property and negotiate an exchange thereof for property of the defendant, which exchange was subsequently effected in accordance with a contract, entered into by plaintiff's assignor in the name of the defendant as principal with a third party, one of the terms of which stipulated that such other party to the exchange should pay to the plaintiff's assignor a specified amount as commissions. As a defense to an action by the plaintiff on the defendant's note for commissions it was claimed that the note was void as the plaintiff's assignor had contracted for commissions with both parties to the transaction.

F. M. GUINN, for appellant.

BROWN & BURNSIDE, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. BROKERS, § 1*—*when person agent and not broker.* One who is given power to examine property and determine whether a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

trade of other property therefor should be made and who is not employed simply to bring the parties together is an agent and not a broker.

2. PRINCIPAL AND AGENT, § 69*—*when agent not entitled to recover commission from both parties.* An agent who is given power to examine property, to determine the advisability of an exchange, and to bring the parties together may not recover commissions from both parties.

3. EVIDENCE, § 322*—*when parol evidence inadmissible to vary terms of contract.* As between a party to a contract and his agent executing it in his name, where the terms of such contract are definite and certain, parol evidence cannot be admitted to vary its terms.

4. EVIDENCE, § 322*—*when parol evidence inadmissible to vary contract for payment of commissions.* In an action by a real estate agent against his principal to recover on a note given in payment of commissions, the plaintiff cannot show by parol that money stipulated in a contract for the exchange of property entered into by him as agent in the name of his principal, to be paid to the plaintiff by the other party to the trade as brokerage fees, was in fact, to be paid and was received for and on account of another party.